# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND
# NORTHERN DIVISION

| | |
|---|---|
| **ISRAEL K. NEGASH, et al.**, | ) |
| | ) |
| Plaintiffs, | ) CIVIL ACTION NO. 1:17-cv-01954 |
| | ) |
| v. | ) |
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| Defendant. | ) |

## RULE 56(d) DECLARATION

The Plaintiffs, ISRAEL K. NEGASH and ETHIO, INC., D/B/A SUNOCO FOOD MART, by and through their undersigned counsel hereby file this Declaration pursuant to Rule 56(d), and state that the Plaintiffs are unable to fully present facts essential to justify their position for the following reasons:

On or about November 16th, 2017, the Plaintiffs served upon the Defendant a Request for Production of Documents, which in pertinent part set sought the disclosure of categories of essential information needed by the Plaintiffs to present their case. The categories (and their importance) are stated below:

1. *All data, records, computer programs, algorithms, comparables, memoranda, pictures, and investigative reports utilized or relied upon by the Defendant in disqualifying the Plaintiffs from participating as a retail food store in the Supplemental Nutrition Assistance Program.*

   As noted in the Plaintiffs' Response in Opposition to the Defendant's Motion, the Plaintiffs have never before been granted all the information upon which the original decision to disqualify them was made. Furthermore, this information was part and parcel to the data analysis conducted by the Government, upon which it now solely relies. The Plaintiffs cannot fully rebut the Government's evidence without this information.

2. *All household data for any and all persons or participants that are listed in the Attachments to the Charging Letter dated August 11, 2016, or the timeframe listed in the Charging Letter and encompassing the Attachments thereto.*

   As noted in the Plaintiffs' Response in Opposition to the Defendant's Motion, the Plaintiffs have never before been granted all the information upon which the original decision to disqualify them was made. Furthermore, this information was part and parcel to the data analysis conducted by the Government, upon which it now solely relies. The Plaintiffs cannot fully rebut the Government's evidence without this information.

3. *All transaction data for any store that the Plaintiff's store was compared to for purposes of determining what transactions should be included in the Attachments to the Charging Letter.*

   Perhaps some of the most important information sought by the Plaintiffs, data analysis requires comparison to "baseline" stores in order to determine whether or not the Plaintiffs were in fact operating outside normal range of transactions for similarly situated businesses.

4. *All records of the contact information for each and every Household participant listed in the Attachments to the Charging Letter, including but not limited to such identification information as may be necessary for the issuance of subpoenas.*

   This request seeks to both (1) identify the households cited by the Department in its Charging Letter, and (2) demonstrate that these customers shop at the Plaintiffs' store because of their selection of ethnic foods. Without this information, it is impossible for the Plaintiff to demonstrate this element of their defense.

5. *Any and all investigative reports pertaining to the Plaintiff and relating to the transactions set forth in the Charging Letter, to include, but not be limited to pictures, affidavits, notes, memoranda and communication.*

   This category of information is sought to verify the qualification of the store as a "Combination/Other" or "Small Grocery" which in turn affects the data analysis as each store is compared to local SNAP retailers that are similarly situated. Again, this information is necessary to rebut the Defendant's evidence.

6. *Any and all statistical case studies upon which the Defendant based its finding of trafficking in the instant matter.*

    As noted in the OIG report of January 12th, 2017 (included in the Response in Opposition to the Defendant's Motion for Summary Judgment), the ALERT System has a history of unexplained discrepancies. The Plaintiffs reasonably believe that additional discrepancies can be identified rendering the information provided inadmissible.

7. *Any and all investigative case studies upon which the Defendant based its finding of trafficking in the instant matter.*

    As noted in the OIG report of January 12th, 2017 (included in the Response in Opposition to the Defendant's Motion for Summary Judgment), the ALERT System has a history of unexplained discrepancies. The Plaintiffs reasonably believe that additional discrepancies can be identified rendering the information provided inadmissible.

8. *Any and all statistical case studies showing a link between "trafficking" as defined by the regulations in 7 C.F.R. §271.2 and "multiple transactions [that] were made from individual benefit accounts in unusually short time frames."*

    As noted in the OIG report of January 12th, 2017 (included in the Response in Opposition to the Defendant's Motion for Summary Judgment), the ALERT System has a history of unexplained discrepancies. The Plaintiffs reasonably believe that additional discrepancies can be identified rendering the information provided inadmissible.

9. *Any and all investigative case studies showing a link between "trafficking" as defined by the regulations in 7 C.F.R. §271.2 and "multiple transactions [that] were made from individual benefit accounts in unusually short time frames."*

    As noted in the Plaintiffs' Response in Opposition to the Defendant's Motion, the Plaintiffs have never before been granted all the information upon which the original decision to disqualify them was made. Furthermore, this information was part and parcel to the data analysis conducted by the Government, upon which it now solely relies. The Plaintiffs cannot fully rebut the Government's evidence without this information.

10. *Any and all statistical case studies showing a link between "trafficking" as defined by the regulations in 7 C.F.R. §271.2 and "an excessive number of manual key entered EBT transactions."*

   As noted in the Plaintiffs' Response in Opposition to the Defendant's Motion, the Plaintiffs have never before been granted all the information upon which the original decision to disqualify them was made. Furthermore, this information was part and parcel to the data analysis conducted by the Government, upon which it now solely relies. The Plaintiffs cannot fully rebut the Government's evidence without this information.

11. *Any and all investigative case studies showing a link between "trafficking" as defined by the regulations in 7 C.F.R. §271.2 and "an excessive number of manual key entered EBT transactions."*

   As noted in the Plaintiffs' Response in Opposition to the Defendant's Motion, the Plaintiffs have never before been granted all the information upon which the original decision to disqualify them was made. Furthermore, this information was part and parcel to the data analysis conducted by the Government, upon which it now solely relies. The Plaintiffs cannot fully rebut the Government's evidence without this information.

12. *Any and all statistical case studies showing a link between "trafficking" as defined by the regulations in 7 C.F.R. §271.2 and "excessively large purchase transactions made from recipient accounts."*

   As noted in the Plaintiffs' Response in Opposition to the Defendant's Motion, the Plaintiffs have never before been granted all the information upon which the original decision to disqualify them was made. Furthermore, this information was part and parcel to the data analysis conducted by the Government, upon which it now solely relies. The Plaintiffs cannot fully rebut the Government's evidence without this information.

13. *Any and all investigative case studies showing a link between "trafficking" as defined by the regulations in 7 C.F.R. §271.2 and "excessively large purchase transactions made from recipient accounts."*

As noted in the Plaintiffs' Response in Opposition to the Defendant's Motion, the Plaintiffs have never before been granted all the information upon which the original decision to disqualify them was made. Furthermore, this information was part and parcel to the data analysis conducted by the Government, upon which it now solely relies. The Plaintiffs cannot fully rebut the Government's evidence without this information.

14. *Any and all statistical case studies showing a link between "trafficking" as defined by the regulations in 7 C.F.R. §271.2 and "an unusual number of transactions ending in the same cents value."*

As noted in the Plaintiffs' Response in Opposition to the Defendant's Motion, the Plaintiffs have never before been granted all the information upon which the original decision to disqualify them was made. Furthermore, this information was part and parcel to the data analysis conducted by the Government, upon which it now solely relies. The Plaintiffs cannot fully rebut the Government's evidence without this information.

15. *Any and all investigative case studies showing a link between "trafficking" as defined by the regulations in 7 C.F.R. §271.2 and "an unusual number of transactions ending in the same cents value."*

As noted in the Plaintiffs' Response in Opposition to the Defendant's Motion, the Plaintiffs have never before been granted all the information upon which the original decision to disqualify them was made. Furthermore, this information was part and parcel to the data analysis conducted by the Government, upon which it now solely relies. The Plaintiffs cannot fully rebut the Government's evidence without this information.

16. *Any and all statistical case studies showing a link between "trafficking" as defined by the regulations in 7 C.F.R. §271.2 and "multiple purchase transactions that were made too rapidly to be credib*le."

As noted in the Plaintiffs' Response in Opposition to the Defendant's Motion, the Plaintiffs have never before been granted all the information upon which the original decision to disqualify them was made. Furthermore, this information was part and parcel to the data analysis conducted by the Government, upon which it now solely relies. The Plaintiffs cannot fully rebut the Government's evidence without this information.

17. *Any and all investigative case studies showing a link between "trafficking" as defined by the regulations in 7 C.F.R. §271.2 and "multiple purchase transactions that were made too rapidly to be credible."*

   As noted in the Plaintiffs' Response in Opposition to the Defendant's Motion, the Plaintiffs have never before been granted all the information upon which the original decision to disqualify them was made. Furthermore, this information was part and parcel to the data analysis conducted by the Government, upon which it now solely relies. The Plaintiffs cannot fully rebut the Government's evidence without this information.

18. *Any and all statistical case studies showing a link between "trafficking" as defined by the regulations in 7 C.F.R. §271.2 and "the majority or all of individual recipient benefits were exhausted in unusually short periods of time."*

   As noted in the Plaintiffs' Response in Opposition to the Defendant's Motion, the Plaintiffs have never before been granted all the information upon which the original decision to disqualify them was made. Furthermore, this information was part and parcel to the data analysis conducted by the Government, upon which it now solely relies. The Plaintiffs cannot fully rebut the Government's evidence without this information.

19. *Any and all investigative case studies showing a link between "trafficking" as defined by the regulations in 7 C.F.R. §271.2 and "the majority or all of individual recipient benefits were exhausted in unusually short periods of time."*

   As noted in the Plaintiffs' Response in Opposition to the Defendant's Motion, the Plaintiffs have never before been granted all the information upon which the original decision to disqualify them was made. Furthermore, this information was part and parcel to the data analysis conducted by the Government, upon which it now solely relies. The Plaintiffs cannot fully rebut the Government's evidence without this information.

20. *Any and all internal memoranda, processes, guidelines, guide books, or other such documentation upon which the Defendant's Analysts and Section Chiefs are to rely in evaluating charges of trafficking, sale of ineligible items, and issuance of credit in ALERT data based cases.*

   As noted in the Plaintiffs' Response in Opposition to the Defendant's Motion, the Plaintiffs have never before been granted all the information upon which the original decision to disqualify them was made. Furthermore, this information was part and

parcel to the data analysis conducted by the Government, upon which it now solely relies. The Plaintiffs cannot fully rebut the Government's evidence without this information.

21. *Any and all training materials and documentation used for new employees in the position of USDA FNS Retailer Operation Division Analyst.*

    As noted in the Plaintiffs' Response in Opposition to the Defendant's Motion, the Plaintiffs have never before been granted all the information upon which the original decision to disqualify them was made. Furthermore, this information was part and parcel to the data analysis conducted by the Government, upon which it now solely relies. The Plaintiffs cannot fully rebut the Government's evidence without this information.

22. *A copy of the FNS Standard Operating Procedures.*

    As noted in the Plaintiffs' Response in Opposition to the Defendant's Motion, the Plaintiffs have never before been granted all the information upon which the original decision to disqualify them was made. Furthermore, this information was part and parcel to the data analysis conducted by the Government, upon which it now solely relies. The Plaintiffs cannot fully rebut the Government's evidence without this information.

23. *Any and all store evaluations, inspections, investigations, Retailer Investigation Branch reports, ALERT reports, ALERT data, and STARS data for any and all retailers to which the Plaintiff was compared. The data requested in this section includes information from February 2016 – July 2016.*

    As noted in the Plaintiffs' Response in Opposition to the Defendant's Motion, the Plaintiffs have never before been granted all the information upon which the original decision to disqualify them was made. Furthermore, this information was part and parcel to the data analysis conducted by the Government, upon which it now solely relies. The Plaintiffs cannot fully rebut the Government's evidence without this information.

24. *Any and all prior investigations of the Plaintiff conducted by the Retailer Investigation Branch of the FNS, the Office of Inspector General, or any other investigative agency which the Defendant is in possession of.*

    As noted in the Plaintiffs' Response in Opposition to the Defendant's Motion, the Plaintiffs have never before been granted all the information upon which the original

decision to disqualify them was made. Furthermore, this information was part and parcel to the data analysis conducted by the Government, upon which it now solely relies. The Plaintiffs cannot fully rebut the Government's evidence without this information.

25. *Any and all reports, statistical analyses, investigations, memoranda and the like which differentiate charges of "trafficking" from "sale of ineligible items" with respect to ALERT data.*

As noted in the Plaintiffs' Response in Opposition to the Defendant's Motion, the Plaintiffs have never before been granted all the information upon which the original decision to disqualify them was made. Furthermore, this information was part and parcel to the data analysis conducted by the Government, upon which it now solely relies. The Plaintiffs cannot fully rebut the Government's evidence without this information.

26. *Any and all reports, statistical analyses, memoranda and the like pertaining to the shopping habits of typical SNAP participant households which are the product of the Defendant's studies since 2008.*

As noted in the Plaintiffs' Response in Opposition to the Defendant's Motion, the Plaintiffs have never before been granted all the information upon which the original decision to disqualify them was made. Furthermore, this information was part and parcel to the data analysis conducted by the Government, upon which it now solely relies. The Plaintiffs cannot fully rebut the Government's evidence without this information.

27. *Any and all reports, statistical analyses, memoranda and the like pertaining to Retailer Investigation Branch investigations of SNAP retailer stores, to include statistics pertaining to the investigative results since 2008.*

As noted in the Plaintiffs' Response in Opposition to the Defendant's Motion, the Plaintiffs have never before been granted all the information upon which the original decision to disqualify them was made. Furthermore, this information was part and parcel to the data analysis conducted by the Government, upon which it now solely relies. The Plaintiffs cannot fully rebut the Government's evidence without this information.

28. *Any and all documentary evidence upon which the Defendant intends to rely to support its case that the Plaintiff was trafficking in SNAP benefits.*

> As noted in the Plaintiffs' Response in Opposition to the Defendant's Motion, the Plaintiffs have never before been granted all the information upon which the original decision to disqualify them was made. Furthermore, this information was part and parcel to the data analysis conducted by the Government, upon which it now solely relies. The Plaintiffs cannot fully rebut the Government's evidence without this information.

29. *All documents, reports, photographs, data, and other written or digital information which the Defendant intends to utilize at trial.*

    As noted in the Plaintiffs' Response in Opposition to the Defendant's Motion, the Plaintiffs have never before been granted all the information upon which the original decision to disqualify them was made. Furthermore, this information was part and parcel to the data analysis conducted by the Government, upon which it now solely relies. The Plaintiffs cannot fully rebut the Government's evidence without this information.

30. *All curriculum vitae of any expert that the Defendant intends to list as a witness at trial.*

    As noted in the Plaintiffs' Response in Opposition to the Defendant's Motion, the Plaintiffs have never before been granted all the information upon which the original decision to disqualify them was made. Furthermore, this information was part and parcel to the data analysis conducted by the Government, upon which it now solely relies. The Plaintiffs cannot fully rebut the Government's evidence without this information

The Government has not responded to the Plaintiffs' First Request for Production.

Furthermore, Discovery remains open in this matter, and the expert witness identification deadline has not yet arrived. The Plaintiffs (who have limited financial resources) were awaiting responses from the Government before being able to retain Dr. Russ Robbins, Ph.D., who is an expert in data analysis and has some prior experience with SNAP. The Plaintiffs cannot proceed without Dr. Robins.

Finally, the Plaintiffs require three (3) depositions, which have been mentioned to the Defendant in the past, but who have not yet been scheduled because of discovery issues. These individuals include an ALERT System Administrator (presumably Mr. Douglas Wilson); Ms.

Rebekah Hilty (USDA Analyst) and Mr. Michael Skaer (the Section Chief who signed the disqualification letter). Additional depositions may be necessary for yet-to-be-identified SNAP participants.

For these reasons, the Plaintiffs are unable to fully respond to the Motion for Summary Judgment filed by the Defendant in this Matter.

WHEREFORE, the Plaintiffs, ISRAEL K. NEGASH and ETHIO, INC., D/B/A SUNOCO FOOD MART, through their undersigned counsel, Declare that moving forward with Summary Judgment at this stage would be both premature and prejudicial as a result of the Defendant's own discovery failures. Accordingly, in the event the Court chooses not to deny the Defendant's motion, the Plaintiffs would ask that the Court either: defer considering the motion; allow time to complete discovery; or otherwise issue an order compelling the Defendant to produce the requested and outstanding discovery, and set depositions in this matter.

**I hereby swear and affirm that the foregoing statements are true and accurate to the best of my knowledge and belief, and that this Declaration has been filed in good faith.**

*Andrew Z. Tapp*
Andrew Z. Tapp, Esquire

## CERTIFICATE OF SERVICE

I certify that on this 1st day of December, 2017, I caused a copy of the foregoing to be electronically served upon all parties receiving CM/ECF notices in this case.

*Andrew Z. Tapp*
ANDREW Z. TAPP, ESQUIRE
**COUNSEL FOR PLAINTIFFS**