FILED: May 7, 2019

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 18-1869
(1:17-cv-01954-RDB)

ISRAEL K. NEGASH, an individual; ETHIO, INC., a Maryland Corporation d/b/a Sunoco Food Mart

　　　　Plaintiffs - Appellants

v.

UNITED STATES OF AMERICA

　　　　Defendant - Appellee

JUDGMENT

In accordance with the decision of this court, the judgment of the district court is affirmed.

This judgment shall take effect upon issuance of this court's mandate in accordance with Fed. R. App. P. 41.

　　　　　　　　　　　　　　　　/s/ PATRICIA S. CONNOR, CLERK

**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 18-1869

ISRAEL K. NEGASH, an individual; ETHIO, INC., a Maryland Corporation d/b/a Sunoco Food Mart,

      Plaintiffs - Appellants,

  v.

UNITED STATES OF AMERICA,

      Defendant - Appellee.

Appeal from the United States District Court for the District of Maryland, at Baltimore. Richard D. Bennett, District Judge. (1:17-cv-01954-RDB)

Submitted: March 26, 2019      Decided: May 7, 2019

Before WILKINSON and HARRIS, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Andrew Z. Tapp, METROPOLITAN LAW GROUP, PLLC, Brandon, Florida; William N. Sinclair, SILVERMAN THOMPSON SLUTKIN WHITE, LLC, Baltimore, Maryland, for Appellants. Robert K. Hur, United States Attorney, Alan C. Lazerow, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Israel K. Negash and Ethio, Inc. (collectively, Appellants), filed a petition pursuant to 7 U.S.C. § 2023 (2012), seeking judicial review of the United States Department of Agriculture (USDA)'s decision to permanently disqualify them from participating in the Supplemental Nutrition Assistance Program (SNAP). The district court granted the USDA's motion for summary judgment and denied the Appellants' Fed. R. Civ. P. 59(e) motion. The Appellants contend that the district court erred in granting summary judgment prior to discovery. We affirm the district court's orders.

We "review[] de novo the district court's order granting summary judgment." *Jacobs v. N.C. Admin. Office of the Courts*, 780 F.3d 562, 565 n.1 (4th Cir. 2015). "A district court 'shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Id.* at 568 (quoting Fed. R. Civ. P. 56(a)). "A dispute is genuine if a reasonable jury could return a verdict for the nonmoving party." *Id.* (internal quotation marks omitted). In determining whether a genuine dispute of material fact exists, "we view the facts and all justifiable inferences arising therefrom in the light most favorable to . . . the nonmoving party." *Id.* at 565 n.1 (internal quotation marks omitted). However, "the nonmoving party must rely on more than conclusory allegations, mere speculation, the building of one inference upon another, or the mere existence of a scintilla of evidence." *Dash v. Mayweather*, 731 F.3d 303, 311 (4th Cir. 2013).

"We review a district court's denial of a Rule 56(d) motion for abuse of discretion." *Pisano v. Strach*, 743 F.3d 927, 931 (4th Cir. 2014). We will not reverse the

2

denial of a Rule 56(d) motion absent a clear abuse of discretion or a real possibility that the denial of discovery resulted in prejudice to the moving party. *Strag v. Bd. of Trs.*, 55 F.3d 943, 954 (4th Cir. 1995). Relief under Rule 56(d) is "broadly favored and should be liberally granted in order to protect non-moving parties from premature summary judgment motions." *McCray v. Md. Dep't of Transp.*, 741 F.3d 480, 484 (4th Cir. 2014) (internal quotation marks omitted). However, "a court may deny a Rule 56(d) motion when the information sought would not by itself create a genuine issue of material fact sufficient for the nonmovant to survive summary judgment." *Pisano*, 743 F.3d at 931.

"Congress has been quite firm in ensuring that [SNAP benefits] are used only to purchase eligible food items, and are not exchanged for cash or other things of value." *Idias v. United States*, 359 F.3d 695, 697 (4th Cir. 2004) (internal quotation marks omitted). "[A] store that is caught trafficking in food stamps even one time must be permanently disqualified from [SNAP], unless the Secretary of Agriculture determines that the store had in place an effective anti-trafficking policy." *Id.* Trafficking is defined, as relevant here, as "buying, selling, stealing or otherwise effecting an exchange of SNAP benefits issued and accessed via [EBT] cards . . . for cash or consideration other than eligible food, either directly, indirectly, in complicity or collusion with others, or acting alone." 7 C.F.R. § 271.2 (2018). An aggrieved party may seek judicial review of the USDA's finding that it trafficked in benefits. 7 U.S.C. § 2023(a)(13). Unlike most judicial review of agency action, review of the USDA's trafficking determination is de novo, and is not limited to the administrative record. 7 U.S.C. § 2023(a)(15).

3

We conclude that the district court did not abuse its discretion in granting summary judgment prior to discovery. On appeal, the Appellants seek primarily two pieces of information—the identities of the stores the USDA compared the Appellants' store's sales to ("the comparison stores") and the identity of the households whose transactions the USDA identified as suspicious. As to the comparison stores, the Appellants contend that this information is necessary for them to discover whether they were appropriate comparators. For the household information, the Appellants argue they could use this information to obtain affidavits or depose them to discover the reasons for their shopping habits.

While this information would have been useful, the Appellants did not seek this information in the district court. Absent exceptional circumstances, we will not consider issues raised for the first time on appeal. *See In re Under Seal*, 749 F.3d 276, 285 (4th Cir. 2014). In the district court, the Appellants only sought the identity of the households to demonstrate that they shopped at their store because of their selection of ethnic food. This evidence cannot create a genuine dispute of material fact given the objective evidence in the record demonstrating that the store's inventory was similar to that of a normal convenience store—the pictures taken by the USDA's inspector and the invoices submitted by the Appellants. *See Scott v. Harris*, 550 U.S. 372, 380 (2007) ("When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment.").

As to the comparison stores, in the district court the Appellants only sought the transaction data for the stores the USDA compared their store to. However, this information would not have created a genuine dispute of material fact. While the USDA did not reveal the identities of the comparison stores, the administrative record contains their EBT sales data and they were all located within one mile of the Appellants' store. Additionally, the administrative record shows that several of the Appellants' store's customers also used their EBT benefits at larger grocery stores and supermarkets, rebutting their contention that their customers lacked transportation to such businesses. To the extent that the Appellants seek this information to argue that they have a more superior grocery selection than the comparison stores, the record clearly refutes their argument that they were anything other than a normal convenience store. While a court considering a summary judgment motion must give the nonmoving party the benefit of all reasonable inferences, the Appellants instead ask us to abandon common sense—the USDA rightfully concluded that there is no logical explanation for 72 individuals spending over $100 on convenience store items when the Appellants' store does not have a single shopping cart or basket, households were visiting larger grocery stores in addition to the Appellants' store, and suspicious transactions quickly decreased once the Appellants were on notice that their sales were under investigation.

Accordingly, we affirm the district court's orders. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

5

FILED: May 7, 2019

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 18-1869,   Israel Negash v. US
1:17-cv-01954-RDB

NOTICE OF JUDGMENT

Judgment was entered on this date in accordance with Fed. R. App. P. 36. Please be advised of the following time periods:

**PETITION FOR WRIT OF CERTIORARI:** To be timely, a petition for certiorari must be filed in the United States Supreme Court within 90 days of this court's entry of judgment. The time does not run from issuance of the mandate. If a petition for panel or en banc rehearing is timely filed, the time runs from denial of that petition. Review on writ of certiorari is not a matter of right, but of judicial discretion, and will be granted only for compelling reasons. (www.supremecourt.gov)

**VOUCHERS FOR PAYMENT OF APPOINTED OR ASSIGNED COUNSEL:** Vouchers must be submitted within 60 days of entry of judgment or denial of rehearing, whichever is later. If counsel files a petition for certiorari, the 60-day period runs from filing the certiorari petition. (Loc. R. 46(d)). If payment is being made from CJA funds, counsel should submit the CJA 20 or CJA 30 Voucher through the CJA eVoucher system. In cases not covered by the Criminal Justice Act, counsel should submit the Assigned Counsel Voucher to the clerk's office for payment from the Attorney Admission Fund. An Assigned Counsel Voucher will be sent to counsel shortly after entry of judgment. Forms and instructions are also available on the court's web site, www.ca4.uscourts.gov, or from the clerk's office.

**BILL OF COSTS:** A party to whom costs are allowable, who desires taxation of costs, shall file a Bill of Costs within 14 calendar days of entry of judgment. (FRAP 39, Loc. R. 39(b)).

**PETITION FOR REHEARING AND PETITION FOR REHEARING EN BANC:** A petition for rehearing must be filed within 14 calendar days after entry of judgment, except that in civil cases in which the United States or its officer or agency is a party, the petition must be filed within 45 days after entry of judgment. A petition for rehearing en banc must be filed within the same time limits and in the same document as the petition for rehearing and must be clearly identified in the title. The only grounds for an extension of time to file a petition for rehearing are the death or serious illness of counsel or a family member (or of a party or family member in pro se cases) or an extraordinary circumstance wholly beyond the control of counsel or a party proceeding without counsel.

Each case number to which the petition applies must be listed on the petition and included in the docket entry to identify the cases to which the petition applies. A timely filed petition for rehearing or petition for rehearing en banc stays the mandate and tolls the running of time for filing a petition for writ of certiorari. In consolidated criminal appeals, the filing of a petition for rehearing does not stay the mandate as to co-defendants not joining in the petition for rehearing. In consolidated civil appeals arising from the same civil action, the court's mandate will issue at the same time in all appeals.

A petition for rehearing must contain an introduction stating that, in counsel's judgment, one or more of the following situations exist: (1) a material factual or legal matter was overlooked; (2) a change in the law occurred after submission of the case and was overlooked; (3) the opinion conflicts with a decision of the U.S. Supreme Court, this court, or another court of appeals, and the conflict was not addressed; or (4) the case involves one or more questions of exceptional importance. A petition for rehearing, with or without a petition for rehearing en banc, may not exceed 3900 words if prepared by computer and may not exceed 15 pages if handwritten or prepared on a typewriter. Copies are not required unless requested by the court. (FRAP 35 & 40, Loc. R. 40(c)).

**MANDATE:** In original proceedings before this court, there is no mandate. Unless the court shortens or extends the time, in all other cases, the mandate issues 7 days after the expiration of the time for filing a petition for rehearing. A timely petition for rehearing, petition for rehearing en banc, or motion to stay the mandate will stay issuance of the mandate. If the petition or motion is denied, the mandate will issue 7 days later. A motion to stay the mandate will ordinarily be denied, unless the motion presents a substantial question or otherwise sets forth good or probable cause for a stay. (FRAP 41, Loc. R. 41).

# U.S. COURT OF APPEAL FOR THE FOURTH CIRCUIT BILL OF COSTS FORM
(Civil Cases)

**Directions:** Under FRAP 39(a), the costs of appeal in a civil action are generally taxed against appellant if a judgment is affirmed or the appeal is dismissed. Costs are generally taxed against appellee if a judgment is reversed. If a judgment is affirmed in part, reversed in part, modified, or vacated, costs are taxed as the court orders. A party who wants costs taxed must, within 14 days after entry of judgment, file an itemized and verified bill of costs, as follows:
• Itemize any fee paid for docketing the appeal. The fee for docketing a case in the court of appeals is $500 (effective 12/1/2013). The $5 fee for filing a notice of appeal is recoverable as a cost in the district court.
• Itemize the costs (not to exceed $.15 per page) for copying the necessary number of formal briefs and appendices. (Effective 10/1/2015, the court requires 1 copy when filed; 3 more copies when tentatively calendared; 0 copies for service unless brief/appendix is sealed.). The court bases the cost award on the page count of the electronic brief/appendix. Costs for briefs filed under an informal briefing order are not recoverable.
• Cite the statutory authority for an award of costs if costs are sought for or against the United States. See 28 U.S.C. § 2412 (limiting costs to civil actions); 28 U.S.C. § 1915(f)(1) (prohibiting award of costs against the United States in cases proceeding without prepayment of fees).
Any objections to the bill of costs must be filed within 14 days of service of the bill of costs. Costs are paid directly to the prevailing party or counsel, not to the clerk's office.

Case Number & Caption: _____

Prevailing Party Requesting Taxation of Costs: _____

| Appellate Docketing Fee (prevailing appellants): | | | Amount Requested: _____ | | | Amount Allowed: _____ | |
|---|---|---|---|---|---|---|---|
| Document | No. of Pages | | No. of Copies | | Page Cost (≤$.15) | Total Cost | |
| | Requested | Allowed (court use only) | Requested | Allowed (court use only) | | Requested | Allowed (court use only) |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| **TOTAL BILL OF COSTS:** | | | | | | $0.00 | $0.00 |

1. If copying was done commercially, I have attached itemized bills. If copying was done in-house, I certify that my standard billing amount is not less than $.15 per copy or, if less, I have reduced the amount charged to the lesser rate.
2. If costs are sought for or against the United States, I further certify that 28 U.S.C. § 2412 permits an award of costs.
3. I declare under penalty of perjury that these costs are true and correct and were necessarily incurred in this action.

**Signature:** _____   **Date:** _____

### Certificate of Service

I certify that on this date I served this document as follows:

**Signature:** _____   **Date:** _____